UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICH BUZON,
   Plaintiff,

v.           C.A. No. 19-212WES

SIU OFFICER FORGUE, et al.,
   Defendants.

## REDACTED MEMORANDUM AND ORDER

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On April 25, 2019, Plaintiff Rich Buzon filed a *pro se* complaint against seven Rhode Island Department of Corrections ("RIDOC") employees. ECF No. 1. Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), a motion for appointment of counsel and a motion for service of process. ECF Nos. 2, 3, 4.[1] On May 8, 2019, I ordered Plaintiff to submit a certified copy of his prisoner trust fund account statement, which he did on May 24, 2019. Based on the Court's review of the IFP motion and Plaintiff's prisoner trust fund account statement, the IFP motion is granted.[2]

Because he is a prisoner Plaintiff is still required to pay the statutory filing fee of $350.00 for this action. Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 26, 1996, and codified at 28 U.S.C. § 1915(b), a prisoner seeking to file *in forma pauperis* must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to

---

[1] On May 24, 2019, Plaintiff filed a motion for preliminary injunction and temporary restraining order. ECF No. 6. That motion has not been referred to me.

[2] In connection with proceedings *in forma pauperis*, § 1915(e)(2) of Title 28 directs the court to dismiss a case at any time if the court determines that the action is, *inter alia*, frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2). Similarly, § 1915A of Title 28 directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). The Court finds, at this initial stage, that Plaintiff has stated sufficient facts to proceed. This finding is not intended to prejudge any motion that may hereafter be brought pursuant to Fed. R. Civ. P. 12.

his account or the average monthly balance for the six months prior to the filing of his Complaint. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. See 28 U.S.C. § 1915(b)(2).

The monthly deposits to Plaintiff's account during the six-month period prior to the filing of the Complaint averaged $40. His average monthly spending balance (excluding encumbered funds) during the relevant period was $79.30. Accordingly, Plaintiff must pay an initial filing fee of $15.86.[3] Additionally, the RIDOC is directed to forward to the Court each month twenty percent (20%) of the previous month's balance in Plaintiff's account each time the amount in the account exceeds $10 until Plaintiff has paid the entire filing fee of $350.

The motion for service of process is denied as moot.[4] ECF No. 4. Pursuant to the Acceptance of Service Agreement Involving Rhode Island State Employees, Departments, and Agencies,[5] upon the granting of an IFP motion, the Attorney General has agreed to accept service of a complaint naming the State of Rhode Island or its employees by electronic means via the Court's Case Management/Electronic Case Files System ("CM/ECF"). Thus, the process for service will begin upon the issuance of this memorandum and order and a motion is not necessary.

Plaintiff's motion for appointment of counsel is denied without prejudice. There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v.

---

[3] "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915.

[4] The Court notes that Plaintiff's motion for service of process includes the inaccurate statement that Defendants have failed to answer the acknowledgment of service form; no summonses have issued in this case as of the time of this writing.

[5] This agreement is effective as of May 24, 2019.

Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Further, there is no funding mechanism for appointed counsel in civil cases; therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016). "To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. Just because a plaintiff alleges sufficient facts to state a claim in the complaint does not in and of itself require the appointment of counsel. Cookish, 787 F.2d at 2-3; Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).

At this stage, the situation of the case compels the conclusion that it does not present exceptional circumstances that would justify the appointment of counsel. With respect to the merits and complexity of the case, Plaintiff's claims are relatively straightforward. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████ Plaintiff's complaint is thorough, clear and coherent suggesting that, at least at this stage, he is well able to represent himself.  Nor does his motion suggest any other unusual circumstances that would warrant the appointment of a *pro bono* attorney.  Without extraordinary circumstances to justify an appointment from the Court's *pro bono* panel at this early stage of the proceedings, Plaintiff's motion for appointment of counsel (ECF No. 3) is denied without prejudice to being made again if circumstances change.

In conclusion, Plaintiff's IFP motion (ECF No. 2) is GRANTED and he is ordered to pay an initial filing fee of $15.86, Plaintiff's motion for service of process (ECF No. 4) is DENIED as moot, and Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice to being made again if circumstances change.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 13, 2019