UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICH BUZON,
      Plaintiff,

v.                                     C.A. No. 19-212WES

SIU OFFICER FORGUE, et al.,
      Defendants.

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On April 25, 2019, Plaintiff Rich Buzon, formerly a prisoner at the Adult Correctional Institutions ("ACI"), filed a *pro se* complaint[1] against seven Rhode Island Department of Corrections ("RIDOC") employees. ECF No. 1. His claims are based on events that occurred inside the ACI. The primary allegation is that, having achieved sobriety despite serious opioid addiction due to the ACI's medically assisted treatment program and seeking work release, he entered into an agreement with a correctional officer to be a confidential informant. However, when he acquired heroin from another inmate, which was found in his cell, RIDOC officials disclaimed any agreement permitting the acquisition and possession of heroin inside the ACI; in response, Plaintiff exploded in rage. He was sanctioned with thirty days segregation for possession of heroin and reclassified to High Security. In addition, he alleges that his belongings were thrown around his cell and into a sink during a search, that on one occasion, his wrists were hurt by the rough removal of hand cuffs (resulting in medical treatment involving the application of an ice pack) and that he received a retaliatory false booking for passing another inmate prescribed Suboxone, when there actually was only saliva on his finger.

---

[1] Because Plaintiff is *pro se*, I employed a liberal construction of his complaint. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

Before Defendants filed their responsive pleading, on September 11, 2019, Plaintiff signed and then filed (on September 16, 2019) an amended complaint, together with a motion to amend;[2] the amended pleading (including attached documents) tells the same story in far greater detail but also includes post-complaint events, including a correctional officer's use of foul language towards Plaintiff, resulting in an investigation of the officer. Now pending before the Court are Plaintiff's motion for temporary restraining order (ECF No. 6) and Defendants' motion to dismiss (ECF No. 28). Both motions were referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B).

Plaintiff's motion for temporary restraining order ("TRO") asks the Court for an order barring ACI officials from harassing, threatening or assaulting him, requiring them to house him in the proper level of security, and mandating that they must stay one thousand feet away from him. The injunctive relief sought by the TRO motion is entirely premised on Plaintiff's ongoing status as a prisoner. Defendants' motion to dismiss contends that Plaintiff's complaint fails to state a claim that plausibly alleges conduct by ACI officials serious enough to transgress the Eighth Amendment.

The motion to dismiss was filed on September 17, 2019, and duly served on Plaintiff. Plaintiff did not file any objection. The due date for his objection (October 1, 2019) came and went. On October 9, 2019, the pending motions were referred to me and, on the same day, notice was sent to Plaintiff scheduling a hearing on them to be held on November 12, 2019. As the Court later learned, on October 17, 2019, Plaintiff was released from the ACI. Despite his obligation pursuant to DRI LR Gen 205(d)(1) to notify the Court of his new address, Plaintiff did

---

[2] This motion to amend was not necessary in that Fed. R. Civ. P. 15(a) permitted Plaintiff to amend as of right. By separate text order, the motion to amend has been granted. The Court's consideration of Defendants' motion to dismiss is based on the allegations in both the original complaint and the amended complaint.

2

not supply the Court with his address or any contact information.  At the November 12, 2019, hearing, Defendants appeared but Plaintiff did not appear.  Mindful of his *pro se* status, the Court rescheduled the oral argument for December 18, 2019, and directed Defendants to supply the last known address for Plaintiff, which they did.  In advance of the new hearing, the notice was mailed to Plaintiff's last address as known to RIDOC.  At the second hearing, Defendants appeared again and Plaintiff again failed to appear.  At the second hearing, invited by the Court, Defendants orally supplemented their motion to dismiss by adding a motion to dismiss based on Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

With Plaintiff's release from custody, his motion for TRO is moot and should be denied.  And consistent with the Court's obligation to consider the merits of a dispositive motion attacking the pleading of a *pro se* litigant despite the absence of an opposition, O'Rourke v. Baystate Fin. Servs., Civil Action No. 12-559 S, 2014 WL 690189, at *2 (D.R.I. Feb. 20, 2014), I have reviewed it and find that Defendants' motion to dismiss is well-founded in that Plaintiff's lengthy and detailed pleadings (both the original and the amended complaint) simply do not allege facts plausibly setting out cruel and unusual punishment in violation of the Eighth Amendment, which requires wrongdoing that is objectively "harmful enough" to establish a constitutional violation, as well as that subjectively involves actions by prison officials that intentionally or in reckless disregard inflict "unnecessary and wanton" pain or punishment.  See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Staples v. Gerry, 923 F.3d 7, 13 (1st Cir. 2019) (quoting Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009)); Moore v. Weeden, C.A. No. 09-434M, 2012 WL 733837, at *7 (D.R.I. Mar. 6, 2012).  Plaintiff's core claim – breach of an informant agreement – has specifically been held to be insufficient as a matter of law to state a claim of a transgression of constitutional norms.  Corgan v. Nev. Dep't of Public Safety, No.

3:14-CV-00692-RCG-WGC, 2015 WL 4132231, at *14 (D. Nev. July 8, 2015); see White v. McBurney, C.A. No. 18-00261-MSM-PAS, 2019 WL 5894071, at *3 (D.R.I. Nov. 12, 2019) (dismissing complaint that raises specter of retaliation in connection with failure of supposed cooperation agreement; "speculation nor 'possibility' of misconduct is sufficient").

Based on the foregoing, I recommend that Plaintiff's motion (ECF No. 6) for temporary restraining order be denied and Defendants' motion to dismiss (ECF No. No. 28) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) be granted. I also recommend that Defendants' oral motion to dismiss for lack of prosecution based on Fed. R. Civ. P. 41(b) be granted, operating as an adjudication on the merits.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 19, 2019